IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Eduardo Garcia and Julia Escamilla, | ) | No. 11-22208 |
| | ) | Hon. Jack B. Schmetterer |
| Debtors. | ) | Chapter 7 |

## NOTICE OF MOTION

To:
United States Trustee

219 S. Dearborn Street
8th floor north
Chicago, IL 60606

Salvador J. Lopez
Robson & Lopez, LLC
180 W. Washington Street, #700
Chicago, IL 60602

 **PLEASE TAKE NOTICE** that on March 10, 2019 at 10:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Jack B. Schmetterer in Courtroom 682 or such judge who may be sitting in his stead, in the Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present **Trustee's Application to Employ Attorneys,** at which time and place you may appear if you see fit. A copy of said Motion is attached hereto and is herewith served upon you.

        Andrew J. Maxwell (ARDC #1799150)
        Maxwell Law Group
        3010 N. California Ave.
        Chicago, IL 60618
        312/368-1138

## CERTIFICATE OF SERVICE

 The undersigned attorney certifies that he electronically served a copy of the foregoing Notice and Motion to the United States Trustee, Debtor's attorney, and any others having registered pursuant to Section II(B)(4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants to the Broker by electronic mail, on or before February 29, 2020.

        */s/ Andrew J. Maxwell*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Eduardo Garcia and Julia Escamilla, | ) | No. 11-22208 |
| | ) | Hon. Jack B. Schmetterer |
| Debtors. | ) | Chapter 7 |
| | ) | |

## TRUSTEE'S APPLICATION TO EMPLOY ATTORNEYS

Andrew J. Maxwell, Trustee, by his proposed attorneys, states the following as Trustee's Application to Employ Attorneys ("Application"), seeking to employ Andrew J. Maxwell and the law offices of Maxwell Law Group (collectively the "Attorneys"), as general attorneys for the estate in this case effective February 26, 2020:

1.  This case was commenced by the Debtor filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 26, 2011. Debtor is represented by counsel.

2.  Andrew J. Maxwell ("Maxwell" or "Trustee") was appointed as Chapter 7 Trustee, qualified, and acted as such. The first meeting of creditors was scheduled for July 8, 2011, and the Debtors appeared for examination by the Trustee. Trustee filed a no distribution report on or about July 11, 2011; the case was closed on or about September 12, 2011.

Debtors filed a motion to reopen the case (docket 19) on January 28, 2020, which the Court granted (docket 24) by order docketed February 6, 2020. By letter docketed February 7, 2020 (docket no. 26), the United States Trustee appointed Maxwell as trustee in the reopened case.

On February 26, 2020, Debtors filed amended Schedules A/B and C (docket 27). Debtors assert they have a cause of action arising out of acts and omissions prior to the commencement date of this case by Wells Fargo Mortgage or an affiliate ("Asset") which they

want to pursue. Trustee believes the Asset is property of the estate pursuant to Section 541(a)(5)(A), Title 11 U.S.C. (the "Bankruptcy Code"), and that further investigation and action should be undertaken to preserve the Asset.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. The Application is a core proceeding pursuant to 28 U.S.C. §157(b) (2) (A). Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

4. Trustee requires the assistance of attorneys to perform such legal services as were and may be required to assist Trustee in investigating assets of the Debtor's estate, including property which becomes property of the estate pursuant to Section 541(a)(5)(A), Title 11 U.S.C.; to review potentially avoidable transfers, and seek to recover those transfers, if necessary; to advise Trustee regarding discharge issues and to assist in negotiating and obtaining Court approval of any other resolution of the case; to review and object to proofs of claim, if necessary; and to prepare and to present to the Court applications and such other documents needed to properly administer the estate, including but not limited to employment of professionals. In particular, counsel will be requested to assist with review and potential resolution of the Asset, employment of special counsel, and seeking approval of any potential resolution of the Asset.

5. The services of the attorneys may also be needed in connection with more general matters concerning the administration of this estate, including but not necessarily limited to the following:

a) Employing and applying for compensation of professionals whose services may be needed by the Trustee;

b) Assisting Trustee with the preparation of records and reports as required by the Bankruptcy Rules, Interim Bankruptcy Rules and the Local Bankruptcy Rules;

c) Preparation of applications and proposed orders to be submitted to the court;

    d)    Identification and prosecution of claims and causes of action assertable by Trustee on behalf of the estate herein;

    e)    Examination of proofs of claim previously filed and to be filed herein and the possible prosecution of objections to certain of such claims;

    f)    Advising the Trustee and preparing documents in connection with the liquidation of the assets of the estate; and

    g)    Assisting and advising the Trustee in performing his other official functions as set forth in §704 of the Bankruptcy Code.

6.    Section 327(a) of the Bankruptcy Code authorizes the Trustee, with the Court's approval, to employ attorneys to represent and assist the Trustee in carrying out the Trustee's duties.

Section 327(a) provides in pertinent part as follows:

"…the Trustee, with the court's approval, may employee one or more attorneys… that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

7.    The Trustee seeks to retain and employ the Attorneys as his attorneys to perform all the above-described legal services and such other legal services deemed to be necessary and desirable in the administration and liquidation of this estate. The Attorneys have extensive experience and knowledge representing bankruptcy trustees and others in bankruptcy cases of this type. To the best of its knowledge, as set forth in the Declaration of Proposed Attorney for Trustee signed by one of the Attorneys (the "Declaration"), the Attorneys do not hold or represent any interest adverse to the estate and are "disinterested persons". The Declaration is attached hereto and made a part hereof as an exhibit.

8.    The Trustee is one of the attorneys for whom authorization is sought to employ. Section 327(d) of the Bankruptcy Code provides that the Court may authorize the Trustee to act as attorney for the estate "if such authorization is in the best interest of the estate." Trustee

believes that such authorization is in the best interests of the estate because of the economies that can be achieved by having the Trustee's law practice represent him in this case.

9. Subject to court approval in accordance with §330(a) of the Bankruptcy Code, compensation will be payable to the Attorneys on standard hourly charges, as may be adjusted in the ordinary course of the Attorneys' business, plus reimbursement of actual, necessary expenses and other charges incurred by the Attorneys in providing representation.

10. The Attorneys' rates are set at a level designed to fairly compensate them for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Rates are periodically reviewed and adjusted. Current hourly billing rates are $450 partner, $385 senior counsel, $225-320 associates, and $160-200 paralegal.

11. It is the Attorneys' policy to charge its clients in all areas of practice for expenses specifically incurred in connection with the client's case. The expenses charged to clients include, among other things, long distance telephone charges, postage and express mail charges, messenger and hand delivery charges, photocopying charges, facsimile charges, computer research charges, charges for mass mailing supplies including, without limitation, envelopes and labels provided by the Attorneys to outside copying services for mass mailings, travel expenses, and transcription costs, as well as any other extraordinary expenses not included in the Attorneys' overhead. The Attorneys will charge the Trustee for these expenses in a manner and at rates consistent with charges for expenses made generally to other clients and other cases handled by the Attorneys. The Attorneys believe it is fairer to charge these expenses to the clients specifically incurring them than to increase the hourly rates for all matters, thereby spreading the expenses among all clients whether or not the particular client actually incurs the expenses.

The Attorneys understand that by entering an order authorizing their employment that the Court may none the less disallow requests for reimbursement of certain types of costs such as facsimile charges.

12. Authorization for employment is sought effective February 26, 2020, because legal services were necessary immediately. That authorization protects the attorneys providing services as needed and does not prejudice the estate.

13. The Attorneys will apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, General Orders of this Court, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330.

14. Notice of this Application has been given to the United States Trustee, the Debtor's attorney of record, and any other parties having requested electronic notice. In view of the nature of the relief requested, the Trustee submits that no further notice is required.

**WHEREFORE,** Andrew J. Maxwell, Trustee, requests this Court to grant him the relief requested, and to grant such other and further relief as this Court deems just and fair.

                Respectfully submitted,
                Andrew J. Maxwell, Trustee
           By: */s/ Andrew J. Maxwell*
               One of his proposed attorneys

Andrew J. Maxwell (ARDC #1799150)
Maxwell Law Group
3010 N. California Ave.
Chicago, IL 60618
312/368-1138