IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Eduardo Garcia and Julia Escamilla, | ) | No. 11-22208 |
| | ) | Hon. Jack B. Schmetterer |
| Debtors. | ) | Chapter 7 |
| | ) | |

**NOTICE OF MOTION**

To: see attached service list

  **PLEASE TAKE NOTICE** that on March 10, 2019 at 10:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Jack B. Schmetterer in Courtroom 682 or such judge who may be sitting in his stead, in the Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present **Trustee's Application to Employ Special Counsel,** at which time and place you may appear if you see fit.  A copy of said Motion is attached hereto and is herewith served upon you.

           Andrew J. Maxwell (ARDC #1799150)
           Maxwell Law Group
           3010 N. California Ave.
           Chicago, IL 60618
           312/368-1138

CERTIFICATE OF SERVICE

  The undersigned attorney certifies that he electronically served a copy of the foregoing Notice and Motion to the United States Trustee, Debtor's attorney, and any others having registered pursuant to Section II(B)(4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants, and to Messrs. Payton and Wooten by electronic mail, and to Debtors by depositing same in the U.S. Mail, postage prepaid, on March 3, 2020.

           */s/ Andrew J. Maxwell*

SERVICE LIST (Eduardo Garcia and Julia Escamilla)  11-22208

United States Trustee
219 S. Dearborn Street
8th floor
Chicago, IL 60604

Salvador J. Lopez
Robson & Lopez, LLC
180 W. Washington Street, #700
Chicago, IL 60602

**By U.S. Mail**

Eduardo Garcia and Julia Escamilla
407 Beach Ave.
LaGrange Park, IL 60526

**BY ELECTRONIC MAIL**

Nick Wooten, LLM, CAM, MFP, CWM, AFA, CPM
Nick Wooten, LLC
5125 Burnt Pine Drive
Conway, Ar. 72034
833-937-6389
nick@nickwooten.com

Rusty A. Payton
Payton Legal Group LLC
20 North Clark Street
Suite 3300
Chicago, Illinois 60602
p. 773-682-5210
e. info@payton.legal

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Eduardo Garcia and Julia Escamilla, | ) | No. 11-22208 |
| | ) | Hon. Jack B. Schmetterer |
| Debtors. | ) | Chapter 7 |
| | ) | |

**TRUSTEE'S APPLICATION TO EMPLOY SPECIAL COUNSEL**

Andrew J. Maxwell, Trustee, by his proposed attorneys, states the following as Trustee's Application to Employ Special Counsel ("Application"), seeking to employ special counsel to the estate to prosecute that certain cause of action more particularly described in this Application:

1. This case was commenced by the Debtor filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 26, 2011. Debtor is represented by counsel.

2. Andrew J. Maxwell ("Maxwell" or "Trustee") was appointed as Chapter 7 Trustee, qualified, and acted as such. The first meeting of creditors was scheduled for July 8, 2011, and the Debtors appeared for examination by the Trustee. Trustee filed a no distribution report on or about July 11, 2011; the case was closed on or about September 12, 2011.

Debtors filed a motion to reopen the case (docket 19) on January 28, 2020, which the Court granted (docket 24) by order docketed February 6, 2020. By letter docketed February 7, 2020 (docket no. 26), the United States Trustee appointed Maxwell as trustee in the reopened case.

3. On February 26, 2020, Debtors filed amended Schedules A/B and C (docket 27). Debtors assert they have a cause of action arising out of acts and omissions prior to the commencement date of this case by Wells Fargo Mortgage, an affiliate, or others (the "Asset")

2

which they want to pursue. Trustee believes the Asset is property of the estate pursuant to Section 541(a)(5)(A), Title 11 U.S.C. (the "Bankruptcy Code") that could benefit the creditors of the estate.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. The Application is a core proceeding pursuant to 28 U.S.C. §157(b) (2) (A). Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

5. The Trustee needs to employ special counsel to pursue the Asset. Prior to the reopening of the bankruptcy case, Debtors had employed counsel to pursue the Asset on their behalf. Trustee does not believe he is bound by any agreement of the Debtors with counsel.

6. Salvador J. Lopez and the law firm of Robson & Lopez LLC ("Lopez Firm") entered into a Legal Representation Agreement ("Agreement") dated October 19, 2019, with Debtors to provide legal representation regarding actions or omissions by Wells Fargo affiliates or others "resulting in the improper denial of a loan modification and ultimate foreclosure of [your] home." The Agreement provides for representation Debtor on a "contingency basis" such that the Firm will "only get paid if you recover compensation in the case"(Asset). The Agreement provides payment to Firm of one third (1/3) of any amount realized from any settlement or resolution of the Asset in the event that legal fees are not awarded to the Firm by a Court as part of resolution of the Asset. If fees are awarded by the Court, the Agreement provides for an hourly billing rate Firm will seek.

In the Update to Legal Representation Agreement dated February 26, 2020 (the "Update"), the Agreement was amended to provide that Lopez Firm will associate with Rusty Payton and Payton Legal Group (collectively, "Payton") and Nicholas Wooten and Nick Wooten, LLC (collectively, "Wooten") to represent Debtor. The Update provides that Lopez Firm, Payton and Wooten will all be responsible for representation of Debtor in regard to the Asset and that the total contingency fee/compensation does not change but will be divided

3

among Lopez Firm, Payton and Wooten. The Lopez Firm, Payton and Wooten are sometimes collectively referred to as "Special Counsel".

A copy of the Agreement is attached as an exhibit to this Application.

7. The Trustee seeks to employ Special Counsel as special counsel for the estate to prosecute the Lawsuit on substantially the same terms set forth in the Agreement and Amendment except as provided *infra* in this Application. Section 327(e) of the Bankruptcy Code specifically authorizes the employment as special counsel of an attorney that represented a debtor prior to commencement of the bankruptcy case.

8. On information and belief, Special Counsel does not represent or hold any interest adverse to the Debtor, the Trustee, or the bankruptcy estate on the matters on which they are to be employed. In support of this Application, the Trustee has filed the Unsworn Declaration of each of the Lopez Firm, Payton and Wooten substantially in the form attached hereto as an exhibit.

9. If this Application is granted, Special Counsel will undertake the representation of the bankruptcy estate in regard to the Asset substantially in accord with the terms of the Agreement, including that:

    a) Trustee will not be responsible for the payment or reimbursement of any costs and expenses except in the event of and to the extent of recovery from the Asset;

    b) Special Counsel will seek approval from Trustee prior to any settlement in regard to the Asset. Thereafter, Trustee will file a motion with the Bankruptcy Court to seek authorization to settle the Asset and to approve payment of special counsel compensation;

    c) Any payment of any amount on the account of the Asset will be made payable to the Trustee; Trustee shall have the sole and exclusive authority to accept and negotiate the check or draft by which payment of any amount is made; the payer shall be directed to issue and deliver such check or draft that may enable Trustee to deposit those funds in an account established on behalf of this estate; and Trustee will deposit such funds in an account established on behalf of the bankruptcy estate; and

    d) Only one contingent (legal)fee will be paid out of any amount realized on account of the Asset.

10. Notice of this Application has been provided to the Debtors' bankruptcy attorney of record, Debtors, each of the three proposed Special Counsel, the United States Trustee, Debtors, and any others having registered to receive electronic notices in this case. To the extent possible, service was made pursuant to Section II (B) (4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants and otherwise by depositing same in the United States Mail, postage prepaid, unless otherwise indicated on the service list. Further notice should not be required at this time.

WHEREFORE, Andrew J. Maxwell, Trustee, prays this Court to enter an order granting him the relief sought in this Application and granting such other and further relief as this Court deems just and fair.

Respectfully submitted,
Andrew J. Maxwell, Trustee

BY  /s/ *Andrew J. Maxwell*
One of his attorneys

Andrew J. Maxwell (ARDC #1799150)
Maxwell Law Group
3010 N. California Ave.
Chicago, Illinois 60618
312/368-1138