IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Eduardo Garcia and Julia Escamilla, | ) | No. 11-22208 |
| | ) | Hon. Jack B. Schmetterer |
| Debtors. | ) | Chapter 7 |
| | ) | |

## NOTICE OF MOTION

To: see attached service list

**PLEASE TAKE NOTICE** that on May 25, 2021 at 10:00 a.m., or as soon thereafter as counsel may be heard, I will appear telephonically before the Honorable Jack B. Schmetterer, or any judge sitting his place, and present the **Trustee's Motion for Turnover of Funds**, a copy of which is attached.

**This motion will be presented and heard telephonically using AT&T Teleconference. No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the motion, you must call in to the hearing using the following information—Toll Free Number: 1-877-336-1839; Access Code: 3900709.**

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Andrew J. Maxwell (ARDC #1799150)
Maxwell Law Group
3010 N. California Ave.
Chicago, IL 60618
312/368-1138

### CERTIFICATE OF SERVICE

The undersigned attorney certifies that he electronically served a copy of the foregoing Notice and Motion to the United States Trustee, Debtor's attorney, and any others having registered pursuant to Section II(B)(4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants, and to Messrs. Payton and Wooten by electronic mail, and to Debtors by depositing same in the U.S. Mail, postage prepaid, on or before May 13, 2021.

*/s/ Andrew J. Maxwell*

SERVICE LIST (Eduardo Garcia and Julia Escamilla)  11-22208

United States Trustee
219 S. Dearborn Street
8th floor
Chicago, IL 60604

Salvador J. Lopez
Robson & Lopez, LLC
180 W. Washington Street, #700
Chicago, IL 60602

**By U.S. Mail**

Eduardo Garcia and Julia Escamilla
2115 S 57th Ct., 2nd Floor
Cicero, IL 60804

**BY ELECTRONIC MAIL (and/or ECF)**

Nick Wooten
Nick Wooten, LLC
5125 Burnt Pine Drive
Conway, Ar. 72034
833-937-6389
nick@nickwooten.com

Rusty A. Payton
Payton Legal Group LLC
20 North Clark Street
Suite 3300
Chicago, Illinois 60602
p. 773-682-5210
e. info@payton.legal

Scott P. Glauberman
Winston & Strawn
On behalf of Wells Fargo Bank N.A.
35 W. Wacker Dr
Chicago, IL 60601
sglauber@winston.com

Angela Smedley
Winston & Strawn
On behalf of Wells Fargo Bank N.A.
35 W. Wacker Dr
Chicago, Il 60601
asmedley@winston.com

1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Eduardo Garcia and Julia Escamilla, | ) | No. 11-22208 |
| | ) | Hon. Jack B. Schmetterer |
| Debtors. | ) | Chapter 7 |
| | ) | |

**TRUSTEE'S MOTION FOR TURNOVER OF FUNDS**

Andrew J. Maxwell, Trustee, by his attorneys, pursuant to 11 U.S.C. § 542(a), §363(b)(1) and 541(a)(1), seeks turnover of funds from Wells Fargo Bank N.A. ("Wells Fargo"). In support thereof, Trustee states as follows:

1. This case was commenced by the Debtor filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 26, 2011. Debtor is represented by counsel.

2. Andrew J. Maxwell ("Maxwell" or "Trustee") was appointed as Chapter 7 Trustee, qualified, and acted as such. The first meeting of creditors was scheduled for July 8, 2011, and the Debtors appeared for examination by the Trustee. Trustee filed a no distribution report on or about July 11, 2011; the Debtors were granted a discharge on or about September 7, 2011; and the case was closed on or about September 12, 2011.

3. Debtors filed a motion to reopen the case (docket 19) on January 28, 2020, which the Court granted (docket 24) by order docketed February 6, 2020. By letter docketed February 7, 2020 (docket no. 26), the United States Trustee appointed Maxwell as trustee in the reopened case.

4. On February 26, 2020, Debtors filed amended Schedules A/B and C (docket 27). Debtors assert they have a cause of action arising out of acts and omissions prior to the commencement date of this case by Wells Fargo Mortgage, an affiliate

2

(collectively, "Wells Fargo"), or others ((the "Asset") for its actions in improperly denying Debtors a HAMP Modification and foreclosing on their home in 2010. The Asset is property of the estate pursuant to Section 541(a)(5)(A), Title 11 U.S.C. (the "Bankruptcy Code") that could benefit the creditors of the estate.  The Asset is currently the subject of a lawsuit in the District Court for the Northern District of Illinois, currently pending under case number 1:20-cv-02402 (the "Lawsuit").  The Trustee has employed special counsel to pursue the Asset/Lawsuit.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. The Application is a core proceeding pursuant to 28 U.S.C. §157(b) (2) (A).  Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

6. Wells Fargo notified the debtors of the Asset in a letter it sent to them on July 26, 2019 ("First Letter"). A copy of the First Letter attached to this motion as Exhibit. Included with the First Letter, Wells Fargo sent the Debtors a check for fourteen-thousand-five-hundred dollars ($14,500.00) and informed them that they could cash the check without waiving or releasing any rights they may have against Wells Fargo. See Exhibit A.

7. The Debtors told the Trustee they did not cash the check.

8. On November 18, 2019, Wells Fargo sent the debtors a second letter ("Second Letter"), and this time included a check for an additional ten thousand dollars ($10,000.00), again informing the Debtors that they could also cash this check without waiving or releasing any claims they may have against Wells Fargo. Second Letter attached as Exhibit B.

9. The Debtors told the Trustee they did not cash this check either.

10. However, the checks are made payable to the Debtors, and have now become stale.

3

11. Since the filing of the Lawsuit, the period for filing of timely proofs of claim in this bankruptcy case has passed.

12. The funds from both checks appear to be sufficient to pay all timely filed claims in this Case in full, as well as the costs of administration (excluding any fees or costs to special counsel).

13. As Wells Fargo indicated in both the First Letter and Second Letter, the Debtors may use the funds from both checks, totaling $24,500.00, without waiving or releasing any claims the Debtors may have against Wells Fargo.  The debtors are relying on that representation.

14. As such, cashing the checks will not impact the Debtors claims in the Lawsuit.

15. Pursuant to 11 U.S.C. § 542(a), the trustee seeks to have Wells Fargo turnover the funds from the checks to the Estate, so that the Trustee may administer the funds under 11 U.S.C. § 363(b)(1).

16. As such, the Trustee requests that an order be entered requiring Wells Fargo to reissue the checks to the Trustee and made payable to the order of the Trustee, so that the trustee may administer the asset, pay all claims, and return any surplus to the Debtors.

17. The Trustee also requests the Court find that the payment of these funds by Wells Fargo to the Trustee does not waive or release any claims the Debtors may have against Wells Fargo in the Lawsuit.

18.     Notice of this Application has been provided to the Debtors' bankruptcy attorney of record, Debtors, special counsel, the United States Trustee, attorneys for Wells Fargo,  and any others having registered to receive electronic notices in this case.  To the extent possible, service was made pursuant to Section II (B) (4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for

Registrants and otherwise by depositing same in the United States Mail, postage prepaid, unless otherwise indicated on the service list.   Further notice should not be required at this time.

WHEREFORE, Andrew J. Maxwell, Trustee, prays this Court to enter an order granting him the relief sought in this Application and granting such other and further relief as this Court deems just and fair, including but not limited to:

A. Requiring Wells Fargo to reissue the funds to the Trustee in an amount totaling $24,500.00 and made payable to the Trustee;

B. Finding that payment of these funds by Wells Fargo does not waive or release any claims the Debtors may have against Wells Fargo in the Lawsuit or any pending action..

>Respectfully submitted,
>Andrew J. Maxwell, Trustee
>
>BY   */s/ Andrew J. Maxwell*
>One of his attorneys

Andrew J. Maxwell (ARDC #1799150)
Maxwell Law Group
3010 N. California Ave.
Chicago, Illinois 60618
312/368-1138

5