**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>Eduardo Garcia and Julia Escamilla,<br><br>Debtors. | Chapter 7 Case No. 11-22208<br><br>Hon. Jack B. Schmetterer |

**RESPONSE OF WELLS FARGO BANK, N.A. TO
TRUSTEE'S MOTION FOR TURNOVER OF FUNDS**

Wells Fargo Bank, N.A. ("Wells Fargo" or "Bank"), by and through its undersigned attorneys, hereby responds (this "Response") to *Trustee's Motion for Turnover of Funds* [Dkt. 43] (the "Motion") filed in the above-captioned bankruptcy case (this "Chapter 7 Case"), and states as follows:

**PROCEDURAL BACKGROUND**

1. On May 26, 2011, this Chapter 7 Case was commenced by Eduardo Garcia and Julia Escamilla, the above-captioned debtors (the "Debtors"). Andrew J. Maxwell (the "Trustee") was appointed as Chapter 7 Trustee. *See* Motion at ¶ 2; *see also* Dkt. 11.

2. The Trustee filed a no distribution report on or about July 11, 2011. *See* Dkt. 11. On September 7, 2011, the Debtors received a discharge [Dkt. 16] and the case was closed on September 12, 2011 [Dkt. 18].

3. On January 28, 2020, the Debtors filed a motion to reopen the Chapter 7 Case to amend their schedules. *See* Dkt. 19 (the "Case Reopening Motion"). On that same day, the Court entered an order [Dkt. 24] granting the Case Reopening Motion. Pursuant to the Case Reopening

Motion, the Debtors stated that the "Debtors recently learned of a previously unknown asset, a claim against Wells Fargo Bank, N.A." and that the Debtors wished to "re-open their bankruptcy case and amend their schedules to disclose the newly discovered asset." *See* Dkt. 19 at ¶¶ 3 and 5.

4. On February 7, 2020, the Trustee was reappointed to his charge. Dkt. 26.

5. On February 26, 2020, the Debtors filed amended Schedules B and C. *See* Dkt. 27. Listed in the Amended Schedule B, the Debtors' new assets were described as "claims against America's Servicing Company/Wells Fargo Bank, N.A. for actual, statutory, and punitive damages, emotional distress, attorneys' fees and costs, for its wrongful actions in the servicing of Debtors' mortgage" for an unknown value. *Id.* at 2. It is Wells Fargo's understanding that such asset refers to the Litigation (defined and described below).

6. On February 26, 2020, the Trustee issued an Initial Report of Assets, stating in part, that he "has found assets in this estate to be administered for the benefit of creditors, or believes there is a likelihood that such assets will be recovered within a reasonable period of time." *See* Dkt. 28.

7. On April 18, 2020, the Trustee and Debtors filed a lawsuit against Wells Fargo for violation of the Illinois Consumer Fraud Act and negligence arising from a calculation error in the software Wells Fargo used to evaluate loan modification requests from borrowers (the "Litigation"). As a consequence of reopening the Chapter 7 Case and the Trustee's subsequent reappointment, the Trustee stepped into the shoes of the Debtors in the Litigation. Wells Fargo has contacted counsel of record in the Litigation for the Trustee—who Wells Fargo understands

concurrently represents the Debtors in this Chapter 7 Case[1]—to further negotiations toward a timely resolution of the Litigation against Wells Fargo.

## BACKGROUND

8. As described in the Motion, on or around July 26, 2019, the Debtors received a letter from Wells Fargo accompanied by a remediation check for $14,500.00 ("Check 1"). On or around November 18, 2019, the Debtors received another letter from Wells Fargo accompanied by another remediation check for $10,000.00 ("Check 2" and together with Check 1, collectively, the "Remediation Funds").

9. The Trustee filed the instant Motion on May 12, 2021, seeking turnover of the Remediation Funds. Dkt. 43.

10. From a review of Wells Fargo's books and records, Wells Fargo confirms that neither Check 1 nor Check 2 were cashed by the Debtors or any other party. Wells Fargo confirms that the Remediation Funds reside at Wells Fargo today.

## RESPONSE

11. This matter could have been resolved simply, and without the necessity of Court intervention. Wells Fargo never received a request to turn over or reissue the remediation checks. Had the Trustee done so, Wells Fargo would have turned over or reissued the checks, saving it from needlessly expending time and resources in responding to this Motion, not to mention the

---

[1] Should a dispute arise between the Trustee and the Debtors as to the exemption or other entitlement to funds that may derive from litigation with Wells Fargo, counsel is in an inherently conflicted position. *See In re Mack Indus., Ltd*, 606 B.R. 313, 319 (Bankr. N.D. Ill. 2019) ("The debtor hires the lawyer and pays him. The lawyer represents only the debtor, not the trustee or the bankruptcy estate. Indeed, trustees always hire their own counsel instead of using debtor's counsel because the trustee needs counsel who are dedicated fully to their interests, not the debtor's interests [;] the debtor's counsel owes all of his duties solely to his client, not the bankruptcy estate").

3

Court's time and resources in adjudicating the same. Nevertheless, because the Trustee filed the Motion, Wells Fargo is now hereby compelled to respond to the Motion.

12. As mentioned above, Wells Fargo possesses the Remediation Funds and is happy to issue a check or checks to the proper party. Wells Fargo takes no position as to whether the Remediation Funds are property of the estate. Thus, Wells Fargo is willing to re-issue the Remediation Funds upon entry of an order finding that such funds are property of the estate and directing payment thereto. A proposed order (the "Proposed Order") is attached hereto as Exhibit A for the Court's consideration. As set forth in the Proposed Order, Wells Fargo anticipates that it will take approximately [10] business days from entry of an order to issue a check or checks to the Trustee thereto.

WHEREFORE, Wells Fargo seeks entry of an order, substantially in the form attached hereto as Exhibit A: (i) granting the Motion, as set forth in the Proposed Order; (ii) finding that the Remediation Funds are property of the bankruptcy estate pursuant section 541 of the Bankruptcy Code (11 U.S.C. §§ 101 *et. seq.*); (iii) directing Wells Fargo to pay to the Trustee the Remediation Funds, in an amount totaling $24,500, within [10] business days of entry of the order; and (iv) further relief as is just and proper.

Dated: May 21, 2021

Respectfully submitted,

/s/ *Carrie V. Hardman*
Carrie V. Hardman (*pro hac vice* admission pending)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Phone: 212-294-6700
Fax: 212-294-4700
Email: chardman@winston.com

Christopher Parker (ARDC #6331590)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Phone: 312-558-5600
Fax: 312-558-5700
Email: cparker@winston.com

*Counsel for Wells Fargo Bank, N.A.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 21st day of May, 2021, the foregoing was filed electronically with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of Illinois, and was served by operation of that Court's electronic filing system, upon the following:

Andrew J. Maxwell
Maxwell Law Group
3010 N. California Ave.
Chicago, Illinois 60618

Rusty A. Payton
Payton Legal Group
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal

Salvador J. Lopez
Robson & Lopez, LLC
180 W. Washington Street, Suite 700
Chicago, Illinois 60602
(312) 525-2166
lopez@robsonlopez.com

Nicholas H. Wooten
Nick Wooten, LLC
5125 Burnt Pine Drive
Conway, Arkansas 72034
(833) 937-6389
nick@nickwooten.com

/s/ *Carrie V. Hardman*

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>Eduardo Garcia and Julia Escamilla,<br><br>Debtors. | Chapter 7 Case No. 11-22208<br><br>Hon. Jack B. Schmetterer |

### ORDER GRANTING TRUSTEE'S MOTION FOR TURNOVER OF FUNDS

Upon the *Trustee's Motion for Turnover of Funds* [Docket No. 43] (the "Motion")[1] seeking entry of an order; and notice of the Motion having been provided as set forth in the Motion, and it appearing that no other or further notice is required; and upon the response of Wells Fargo Bank, N.A. [Docket No. ___] having been received; and the Court having reviewed the Motion, and having held a hearing on the Motion on _____, and it appearing that the relief requested therein is in the best interests of the estate, creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED that:

1. The Motion is granted to the extent set forth herein.

2. The Remediation Funds are property of the bankruptcy estate pursuant section 541 of the Bankruptcy Code (11 U.S.C. §§ 101 *et. seq.*).

3. Wells Fargo shall pay to the Trustee the Remediation Funds, in an amount totaling $24,500, within [10] business days of entry of this Order.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.